UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                                                                                                               Case No. 16-CR-40

LENA RAE HASLAGE,

        Defendant.

---

ORDER ADOPTING REPORT AND RECOMMENDATION (DOC. 16),
GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF VENUE (DOC. 12),
AND DISMISSING INDICTMENT

        On May 26, 2016, Magistrate Judge Joseph issued a report and recommendation that defendant's motion to dismiss for lack of venue be granted. The government has filed an objection to the recommendation. Accordingly, the court makes a de novo determination of those portions of the report and recommendation to which an objection is made. 28 U.S.C. § 636(b)(1). After hearing oral argument and reviewing the supplemental briefs, this court adopts the recommendation and grants the motion to dismiss for lack of venue.

        Lena Haslage filed her motion to dismiss for lack of venue because *United States v. Nichols*, a recent Supreme Court decision, states that she did not commit a crime in this district. 136 S. Ct. 1113 (2016). In *Nichols,* a registered sex offender living in Kansas moved to the Phillippines where he did not update his sex offender registration. Nichols was charged in the District of Kansas under 18 U.S.C. § 2250. The United States Supreme Court agreed with *Nichols* that there was no requirement under the Sex Offender

Registration and Notification Act ("SORNA") that he register in the Philippines. Hence, there was no violation of the statute simply because he left Kansas. Notably, *Nichols* was not a venue case.

Like Nichols, Haslage was charged with violating 18 U.S.C. § 2250(a) after she failed to register as a sex offender after traveling from Wisconsin to Washington where she resided. The indictment states that she "was required to update her registration with the State of Wisconsin and register with the State of Washington" because she is a sex offender. Haslage argues that the alleged violation occurred in Washington because there was no requirement that she update her registration in Wisconsin citing her constitutional right to be prosecuted where the crime occurred. U.S. Const. art. III, § 2; *see also* Fed. R. Crim. 18. According to Haslage, if she is charged with a crime under § 2250, she must be charged in Washington.

> For purposes of keeping the registration current, SORNA requires:
>
> A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

42 U.S.C. § 16913. Subsection (a) provides as follows:

> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

2

Notably, the sex offender is required to update his or her registration in one jurisdiction, and then the appropriate office in the jurisdiction provides the information to a list of interested parties. 42 U.S.C. § 16921(b)(1)-(7).

As an enforcement mechanism for § 16913's registration requirements, § 2250 subjects any person required to register under § 16913 and who "is a sex offender . . . by reason of a conviction under Federal law" or "travels in interstate or foreign commerce" to fines or imprisonment in the event that she or he "knowingly fails to register or update a registration as required by [SORNA]." 18 U.S.C. § 2250(a). Consequently, the government must establish that Haslage (1) was required to register under SORNA; (2) traveled in interstate commerce; and (3) knowingly failed to register or update her registration during the time period specified in the indictment. Viewing the statute in isolation, it would appear that the violation at issue occurred in Washington when Haslage knowingly failed to update her registration within three business days of changing her residence. Nevertheless, venue is a separate issue decided by a preponderance of the evidence.

Article III of the U.S. Constitution states: "Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed." U.S. Const. art. III, § 2, cl. 3. Similarly, the Sixth Amendment guarantees a defendant a trial "by an impartial jury of the State and district where the crime shall have been committed." U.S. Const. amend. VI. The Federal Rules of Criminal Procedure require that prosecution must ensue in the district where the offense occurred, absent a statute or other procedure allowing for another venue. *See* Fed. R. Crim. P. 18. Section 2250 does not have a specific venue provision.

3

To address these multi-state crimes, Congress allows crimes against the United States to be tried in any of the venues in which a part of the crime was committed. *See* 18 U.S.C. § 3237(a). Under this statute, "[A]ny offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). Thus, venue for continuing crimes is proper where the crimes began, continued, or were completed. *United States v. Kramer*, 955 F.2d 479, 486 (7th Cir.1992).

Haslage argues that her violation of § 2250 did not occur in the Eastern District of Wisconsin because she was not required to register until she took up a new residence in Washington. However, the Seventh Circuit Court of Appeals in *United States v. Leach*, 639 F.3d 769 (7th Cir. 2011), applied the venue provisions of § 3237 in a case involving a violation of § 2250. Indeed, the Seventh Circuit affirmed the district court's finding that venue was proper in Indiana even though the sex offender resided and was arrested in South Carolina. The Seventh Circuit focused on the fact that, for purposes of SORNA, a sex offender "violates the statute only when he travels across state lines and fails to register." *Id.,* 639 F.3d at 772. Notably, the Seventh Circuit concluded that SORNA required Leach to "update his registration with Indiana authorities when he left the state, *see* § 16013(c), and register with South Carolina authorities when he established a residence there, *see* § 16913(a)." *Id.* Accordingly, venue was proper in Indiana as it would have been in South Carolina if the government had opted to prosecute there.

4

Like *Leach*, Haslage moved from one state to another "promptly notifying government officials in either state." *Id.,* 639 F.3d at 770. Nevertheless, the court does not find a requirement in SORNA that Haslage "update her registration with the State of Wisconsin" as set forth in the indictment. (Doc. 1, ¶ 4.) Rather, she was required to "appear in person in at least 1 jurisdiction" no later than "3 business days after each change of . . . residence" in each jurisdiction where she was residing, an employee or a student. Hence, the only jurisdiction where she was required to register was Washington.

This court gave the government an opportunity to explain how Haslage took any action in this state with respect to the violation or otherwise establish that Haslage was required by SORNA to "update her registration with the State of Wisconsin" as charged in the indictment.[1] Instead, in oral argument the government took the position that her actions here were irrelevant. In the absence of any action or requirement in this district, the court concludes that venue is improper. Quite simply, nothing happened or was supposed to happen in Wisconsin. *Nichols* clearly states that once the offender moved to Manila, he was no longer required to appear in person in his departure state to update his registration, for the departure state was no longer a "jurisdiction involved pursuant to subsection (a) of § 16913." *Nichols*, 136 S. Ct. at 1118. Although previous reporting requirements provided that the sex offender must report the change of address to the departure state and "comply with any registration requirement in the new State of residence," 42 U.S.C. § 14071(b), SORNA repealed that provision and now requires the

---

[1] The indictment charges that "Haslage was required to update her registration with the State of Wisconsin and register with the State of Washington under the Act because she is a sex offender as defined by the Act."

Case 2:16-cr-00040-CNC   Filed 07/05/16   Page 5 of 6   Document 26

sex offender to report to one jurisdiction. 42 U.S.C. § 16913(c). As the Supreme Court in *Nichols* noted, §16913(a) is written in the present tense and the reporting requirements apply to the jurisdiction where the sex offender resides, "is an employee," or "is a student." A person who leaves Wisconsin and establishes a residence elsewhere no longer resides in Wisconsin. Hence, the federal crime did not commence until Haslage traveled in interstate commerce and afterward decided to reside in Washington. Now, therefore,

IT IS ORDERED that the magistrate judge's report and recommendation is adopted.

IT IS FURTHER ORDERED that defendant's motion to dismiss for lack of venue is granted.

IT IS FURTHER ORDERED that the indictment in this case is dismissed.

Dated at Milwaukee, Wisconsin, this 5th day of July, 2016.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE